**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**Case No.:**

**ELIJAH MCLEAN,**

      **Plaintiff,**                                                  **COMPLAINT**

**v.**

**EXPERIAN INFORMATION**
**SOLUTIONS INC., EQUIFAX**
**INFORMATION SERVICES LLC,**
**TRANS UNION LLC,**

                                              **DEMAND FOR JURY TRIAL**

      **Defendants.**
_____/

**COMPLAINT**

Plaintiff, Elijah Mclean ("Plaintiff"), by and through counsel, files this Complaint against Experian Information Solutions Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Trans Union LLC ("Trans Union") pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

**JURISDICTION AND VENUE**

1.     Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.     Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

**DEMAND FOR JURY TRIAL**

3.     Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**PARTIES**

4.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Orange

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

County, Florida.

5.     Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Defendant Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.     Defendant Equifax is a Georgia Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

7.     Defendant Trans Union is a Delaware Limited Liability Company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Defendant Trans Union is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

## GENERAL ALLEGATIONS

8.     This action involves derogatory and inaccurate reporting of an alleged debt by JPMorgan Chase Bank (the "Chase Account") to Defendant Experian.

9.     This action involves derogatory and inaccurate reporting of alleged debts by Opportunity Financial (the "Opploans Account"), JPMorgan Chase Bank (the "Chase Account"), and GTE Federal Credit Union (the "GTE Account") (collectively, the "Fraudulent Equifax Accounts") to Defendant Equifax.

10.     This action involves derogatory and inaccurate reporting of alleged debts by LVNV Funding LLC, (the "LVNV Account"), Opportunity Financial (the "Opploans Account"), GTE Federal Credit Union (the "GTE Account"), and JPMorgan Chase Bank (the "Chase Account"), (collectively, the "Fraudulent Trans Union Accounts") to Defendant Trans Union.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

11.     The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

12.     Section 1681s-2(b) imposes a second category of duties on furnishers of information.

13.     This obligation is triggered upon "notice of dispute"-- that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *See* § 1681i(a)(2) (requiring CRA's promptly to provide such notification containing all relevant information about the consumer's dispute). Subsection 1681s-2(b) provides that, after receiving a notice of dispute, the furnisher shall:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2)...;

(C) report the results of the investigation to the [CRA];

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information...; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

paragraph(1)...(i)modify... (ii)delete [or] (iii)permanently block the reporting of that item of information [to the CRAs].

14.     Any furnisher who negligently fails to comply with any of its investigation duties is liable to the consumer for actual damages, the costs of litigation, and attorney fees. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages up to $1000, for punitive damages, as well as for costs and attorney fees.

### Background

15.     Plaintiff discovered fraudulent accounts on his credit report.

16.     Plaintiff disputed the fraudulent accounts to all three credit bureaus.

17.     Defendant Experian verified the Chase Account as accurate and failed to remove the Chase Account from Plaintiff's credit report.

18.     Defendant Equifax verified the Fraudulent Equifax Accounts as accurate and failed to remove the Fraudulent Equifax Accounts from Plaintiff's credit report.

19.     Defendant Trans Union verified the Fraudulent Tran Union Accounts as accurate and failed to remove the Fraudulent Tran Union Accounts from Plaintiff's credit report.

### Experian

20.     In or about November 2023, Plaintiff discovered the Chase Account on his Experian credit report.

21.     The Chase Account did not belong to Plaintiff.

22.     In or about December 2023, Plaintiff disputed the Chase Account with Defendant Experian requesting the removal of the Chase Account from Plaintiff's credit report.

23.     In or about January 2024, Defendant Experian verified the Chase Account as accurate and failed to remove the Chase Account from Plaintiff's Experian credit report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24.     Plaintiff's credit score has dropped due to Defendant Experian's inaccurate reporting of the Chase Account.

25.     As of the filing of this complaint, Defendant Experian is still reporting the inaccurate Chase Account on Plaintiff's Experian credit report.

### Equifax

26.     In or about March 2024, Plaintiff discovered the Opploans Account, the Chase Account, and the GTE Account (the "Fraudulent Equifax Accounts") on his Equifax credit report.

27.     The Fraudulent Equifax Accounts did not belong to Plaintiff.

28.      In or about April 2024, Plaintiff disputed the Fraudulent Equifax Accounts with Defendant Equifax requesting the removal of the Fraudulent Equifax Accounts from Plaintiff's credit report.

29.     On May 22, 2024, Defendant verified the Fraudulent Equifax Accounts as accurate and failed to remove the Fraudulent Equifax Accounts from Plaintiff's Equifax credit report.

30.     Plaintiff's credit score has dropped due to Defendant Equifax's inaccurate reporting of the Fraudulent Equifax Accounts.

31.     As of the filing of this complaint, Defendant Equifax is still reporting the delinquencies and inaccurate payment history of the Fraudulent Equifax Accounts on Plaintiff's Equifax credit report.

### Trans Union

32.     In or about January 2024, Plaintiff discovered the LVNV Account, the Opploans Account, the GTE Account, and the Chase Account (the "Fraudulent Trans Accounts") on his Trans Union credit report.

33.     The Fraudulent Trans Union Accounts did not belong to Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

34.     In or about February 2024, Plaintiff disputed the Fraudulent Trans Union Accounts with Defendant Trans Union requesting the removal of the Fraudulent Trans Union Accounts from Plaintiff's Trans Union credit report.

35.     On March 6, 2024, verified the Fraudulent Trans Union Accounts as accurate and failed to remove the Fraudulent Trans Union Accounts from Plaintiff's Trans Union credit report.

36.     Plaintiff's credit score has dropped due to Defendant Trans Union's inaccurate reporting of the Fraudulent Trans Union Accounts.

37.     As of filing of this complaint, Defendant Trans Union is still reporting the Fraudulent Trans Union Accounts on Plaintiff's Trans Union credit report.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

38.     Plaintiff incorporates by reference the allegations regarding Defendant Experian in paragraphs ¶¶ 1-37 of this Complaint.

39.     Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Chase Account and continues to include the same information concerning inaccurate and derogatory reporting of the Chase Account.

40.     In or around January 2024, Plaintiff disputed the inaccurate and derogatory Chase Account with Defendant Experian.

41.     In or about February 2024, Defendant Experian verified the Chase Account as accurate and failed to remove the Chase Account from Plaintiff's Experian credit report.

42.     As of the filing of this complaint, the derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

43.     Defendant Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

44.     Defendant Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

45.     Despite Defendant Experian having received Plaintiff's dispute of the Chase Account, Defendant Experian continues to inaccurately report the Chase Account as an adverse account.

46.     Continuing to report the status of the Chase Account in this fashion is significant.

47.     By continuing to report the status of the Chase Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

48.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

49.     Defendant Experian failed to conduct a reasonable investigation and reinvestigation.

50.     Defendant Experian failed to review and consider all relevant information submitted by Plaintiff.

51.     Defendant Experian failed to conduct an independent investigation and, instead, deferred to Chase, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

52.     Defendant Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Experian failed to correct the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

information.

53. Defendant Experian's reporting of inaccurate information about the Chase Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Defendant Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

54. Defendant Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Chase despite being in possession of evidence that the information was inaccurate.

55. Without any explanation or reason, Defendant Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

56. Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Experian's failure to correct the credit report pertaining to Plaintiff.

57. On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

58. Defendant Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

59. Defendant Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

60. Defendant Experian has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a   reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

61.     The conduct, action, and inaction of Defendant Experian was willful, thereby rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

62.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

63.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Experian, was the direct and proximate result of Defendant Experian's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

64.     As a result of the conduct, action, and inaction, of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

65.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

### COUNT 2
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

66.    Plaintiff incorporates by reference the allegations regarding Defendant Experian in paragraphs ¶¶ 1-37 above of this Complaint.

67.    On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

68.    On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

69.    On at least one occasion within the past year, by example only and without limitation, Defendant Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

70.    Additionally, Defendant Experian negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

71.    Defendant Experian has negligently failed to comply with the FCRA. The failures of Defendant Experian to comply with the FCRA include, but are not limited to, the following: [a]

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Experian to delete; and [h] the failure to take adequate steps to verify information Defendant Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

72.     The conduct, action, and inaction, of Defendant Experian was negligent, thereby rendering Defendant Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

73.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

74.     As a result of the conduct, action, and inaction of Defendant Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

75.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

76.     Plaintiff incorporates by reference the allegations regarding Defendant Equifax in paragraphs ¶¶ 1-37 of this Complaint.

77.     Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included the inaccurate and derogatory reporting of the Fraudulent Equifax Accounts and continues to include the same information concerning inaccurate and derogatory reporting of the Fraudulent Equifax Accounts.

78.     In or around April 2024, Plaintiff disputed the inaccurate and derogatory information with Defendant Equifax.

79.     On May 22, 2024, Defendant Equifax verified the Fraudulent Equifax Accounts as accurate and failed to remove the Fraudulent Equifax Accounts from Plaintiff's Equifax credit report.

80.     As of the filing of this complaint, the Fraudulent Equifax Accounts' derogatory and inaccurate information are still listed on Plaintiff's Equifax credit report.

81.     Defendant Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

82.     Defendant Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

83.     Despite Defendant Equifax having received Plaintiff's dispute of the Fraudulent Equifax Accounts, Defendant Equifax continues to report the Fraudulent Equifax Accounts as adverse.

84.     Continuing to report the status of the Fraudulent Equifax Accounts in this fashion

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

is significant.

85.     By continuing to report the status of the Fraudulent Equifax Accounts in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting her credit score negatively.

86.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

87.     Defendant Equifax failed to conduct a reasonable investigation and reinvestigation.

88.     Defendant Equifax failed to review and consider all relevant information submitted by Plaintiff.

89.     Defendant Equifax failed to conduct an independent investigation and, instead, deferred to Financial Opportunity, Chase, and GTE Federal Credit Union, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

90.     Defendant Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Equifax failed to correct the information.

91.     Defendant Equifax's reporting of inaccurate information about the Fraudulent Equifax Accounts, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Defendant Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

92.     Defendant Equifax did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Fraudulent Equifax Accounts despite being in possession of evidence that the information was inaccurate.

93.     Without any explanation or reason, Defendant Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

94.     Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Equifax's failure to correct the credit report pertaining to Plaintiff.

95.     On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

96.     Defendant Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

97.     Defendant Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

98.     Defendant Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Equifax to delete; and [h] the failure to take adequate steps to verify information Defendant Equifax had reason to believe was inaccurate before including it in

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the credit report of the consumer.

99.     The conduct, action, and inaction of Defendant Equifax was willful, thereby rendering Defendant Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

100.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

101.    The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Equifax, was the direct and proximate result of Defendant Equifax's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

102.    As a result of the conduct, action, and inaction, of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

103.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

104.    Plaintiff incorporates by reference the allegations regarding Defendant Equifax in

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

paragraphs ¶¶ 1-37 above of this Complaint.

105.    On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

106.    On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

107.    On at least one occasion within the past year, by example only and without limitation, Defendant Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to correct the inaccurate information.

108.    Additionally, Defendant Equifax negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

109.    Defendant Equifax has negligently failed to comply with the FCRA. The failures of Defendant Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Defendant Equifax had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Equifax to delete; and [h] the failure to take adequate steps to

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

verify information Defendant Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

110.    The conduct, action, and inaction, of Defendant Equifax was negligent, thereby rendering Defendant Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

111.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

112.    As a result of the conduct, action, and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

113.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

114.    Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in paragraphs ¶¶ 1-37 of this Complaint.

115.    Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Fraudulent Trans Union Accounts and continues to include the same information concerning inaccurate and derogatory reporting of the Fraudulent Trans Union Accounts.

116.    In or around February 2024, Plaintiff disputed this inaccurate and derogatory information with Defendant Trans Union.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

117. In or about February 2024, Defendant Trans Union verified the Fraudulent Trans Union Accounts as accurate and failed to remove the Fraudulent Trans Union Accounts from Plaintiff's Trans Union credit report.

118. Despite Defendant Trans Union having been put on notice of the inaccurate reporting, Defendant Trans Union did not remove the Fraudulent Trans Union Accounts from Plaintiff's Trans Union credit report.

119. As of the filing of this complaint, the Fraudulent Trans Union Accounts' derogatory and inaccurate information are still listed on Plaintiff's Trans Union credit report.

120. Defendant Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

121. Defendant Trans Union is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

122. Despite Defendant Trans Union having received Plaintiff's dispute of the Fraudulent Trans Union Accounts, Defendant Trans Union continues to report the Fraudulent Trans Union Accounts as an adverse.

123. Continuing to report the status of the Fraudulent Trans Union Accounts in this fashion is significant.

124. By continuing to report the status of the Fraudulent Trans Union Accounts in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

125. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

126.    Defendant Trans Union failed to conduct a reasonable investigation and reinvestigation.

127.    Defendant Trans Union failed to review and consider all relevant information submitted by Plaintiff.

128.    Defendant Trans Union failed to conduct an independent investigation and, instead, deferred to LVNV Funding LLC, Opportunity Financial, GTE Federal Credit Union, and Chase, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

129.    Defendant Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Defendant Trans Union failed to correct the information.

130.    Defendant Trans Union's reporting of inaccurate information about the Fraudulent Trans Union Accounts, which is the subject of the Dispute, despite evidence that said information is inaccurate, demonstrates Defendant Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

131.    Defendant Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Fraudulent Trans Union Accounts despite being in possession of evidence that the information was inaccurate.

132.    Without any explanation or reason, Defendant Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

133.    Plaintiff has suffered damages as a result of the incorrect reporting and Defendant Trans Union's failure to correct the credit report pertaining to Plaintiff.

134.    On at least one occasion within the past year, by example only and without

limitation, Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

135.    Defendant Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

136.    Defendant Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

137.    Defendant Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

138.    The conduct, action, and inaction of Defendant Trans Union was willful, thereby rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an amount

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

139.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

140.    The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Defendant Trans Union, was the direct and proximate result of Defendant Trans Union's willful failure to maintain reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

141.    As a result of the conduct, action, and inaction, of Defendant Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

142.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

### COUNT 6
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Trans Union)

143.    Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in ¶¶ 1-37 above of this Complaint.

144.    On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reasonable reinvestigation with respect to the disputed information.

145.    On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

146.    On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

147.    Additionally, Defendant Trans Union negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

148.    Defendant Trans Union has negligently failed to comply with the FCRA. The failures of Defendant Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccurate and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately  investigate information which Defendant Trans Union had notice was inaccurate; [e] the continual placement of  inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant Trans Union to delete; and [h] the failure to take adequate steps to verify information Defendant Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

149.    The conduct, action, and inaction, of Defendant Trans Union was negligent, thereby

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301  |  Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

150.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

151.    As a result of the conduct, action, and inaction of Defendant Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

152.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: July 1, 2024

Respectfully Submitted,

/s/ Gerald D. Lane, Jr.
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: zane@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com